IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE NEUSTAR, INC. SECURITIES LITIGATION | Case No. 1:14-CV-00885 JCC /TRJ |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE,
CERTIFYING SETTLEMENT CLASS,
AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS:

A.  By order dated May 28, 2015, the United States Court of Appeals for the Fourth Circuit remanded the appeal of the above-captioned action (the "Action") to this Court for the limited purpose of considering whether the parties should be granted relief from this Court's order dismissing the Action, entered January 27, 2015, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in view of an agreement-in-principle to settle the Action;

B.  As of July 28, 2015, the Indiana Public Retirement System ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class (defined below), on the one hand, and Neustar, Inc. ("Neustar"), Lisa A. Hook, Paul S. Lalljie, and Steven J. Edwards (the "Individual Defendants" and, together with Neustar, "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the Action, which is subject to review under Fed. R. Civ. P. 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws, filed on November 6, 2014, on the merits and with prejudice (the "Settlement");

C.	The Court has reviewed and considered the Settlement Agreement and the accompanying exhibits;

D.	The Parties to the Settlement Agreement have consented to the entry of this order; and

E.	All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 22nd day of September, 2015, that:

1.	**Preliminary Approval of the Settlement**.  This Court has reviewed the Settlement Agreement and preliminarily finds the Settlement forth therein to be fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.	**Certification of the Settlement Class**.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: all Persons who purchased or otherwise acquired the publicly traded common stock of Neustar, Inc. between April 19, 2013 and June 6, 2014, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) present and former executive officers of Neustar; (iii) members of Neustar's Board of Directors, (iv) Immediate Family Members of any of the foregoing individuals; (v) the legal representatives, heirs, successors or assigns of any of the foregoing individuals and entities; (vi) any entity in which Defendants have or had a controlling interest; and (vii) any affiliate of Neustar.  Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class and is so excluded by the Court.

3. The Court finds and concludes that the prerequisites of class action certification under Fed. R. Civ. P. 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to the Settlement Class Members;

(c) the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, Lead Plaintiff Indiana Public Retirement System is certified as Class Representative for the Settlement Class. The law firm of Labaton Sucharow LLP is appointed Class Counsel for the Settlement

Class and the law firm of Cohen Milstein Sellers & Toll PLLC is appointed Liaison Counsel for the Settlement Class.

5.  **Settlement Hearing**.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on December 3, 2015, at 10:00 a.m. for the following purposes: (i) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; (ii) to determine whether a Judgment substantially in the form attached as Exhibit B to the Settlement Agreement should be entered and whether the releases set forth in the Settlement Agreement should be provided;  (iii) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved; (iv) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of expenses should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

6.  The Court may adjourn the Settlement Hearing and approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may also enter the Judgment regardless of whether it has approved the Plan of Allocation or the Fee and Expense Application, in whole or in part.

7.  **Notice**.  The Court approves the form, substance, and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Notice") and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Neustar, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, no later than five (5) business days after entry of this Preliminary Approval Order, transfer records in electronic searchable form containing the names and addresses of Persons who purchased or otherwise acquired the common stock of Neustar during the Class Period.

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Neustar common stock during the Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed, within seven (7) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim and, within seven (7) calendar days of receipt of such copies from the Claims Administrator, send them by first-class mail directly to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also promptly send a statement to the Claims Administrator confirming that the mailing was made as directed and shall retain the relevant name and address records from future use in the Settlement. Additional copies of the Notice shall be made

available to any record holder requesting such for the purpose of distribution to beneficial owners.  Record holders may be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *Investor's Business Daily* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. **Proof of Claim**.  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Such deadline may be further extended by Court order or by Lead Counsel in its discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight U.S. mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no

7

material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. **Appearance**. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented in the Action by Lead Counsel.

15. **Exclusions**. Under the terms of the Settlement Agreement, any Person that otherwise qualifies as a Settlement Class Member but properly excludes himself, herself, or itself by timely submitting a valid request for exclusion in accordance with the requirements set forth below and in the Notice, shall be excluded from the Settlement Class.

16. Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must (i) state the name, address and telephone number of the Person seeking exclusion; (ii) state that the sender requests "exclusion from the Settlement Class in *In re Neustar, Inc. Securities Litigation*, No. 14-CV-00885 JCC TRJ (E.D. Va.)"; (iii) state the number of shares of Neustar publicly traded common stock purchased, acquired, and/or sold on during the Class Period as well as the dates and prices of each such

purchase, acquisition, and/or sale; and (iv) be signed by the Person requesting exclusion or an authorized representative. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

17. Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Settlement Agreement and Notice.

18. **Objections**.  The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application only if such Settlement Class Member has served by hand or by mail his, her, or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: David J. Goldsmith, Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: John M. McNichols, Esq., Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the Fee and Expense Application, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or Fee

and Expense Application are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19. **Stay**.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

20. **Settlement Administration Expenses**.  As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from Defendants and without further order of the Court.

21. **Supporting Papers**.  All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's Fee and Expense Application shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. Reply papers are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

22. **Settlement Fund**.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved.  No person who is not a Settlement Class Member or Lead Counsel shall have any

right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement.

23. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

24. **Plan of Allocation**. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or payment of expenses, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

25. **Termination**. If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of May 18, 2015.

26. **Jurisdiction**. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

27. The Clerk of the Court shall forward copies of this Order to all counsel of record.

THIS ORDER IS FINAL.

Dated: September 22, 2015          /s/
                                   HON. JAMES C. CACHERIS
                                   UNITED STATES DISTRICT COURT JUDGE