

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE NEUSTAR, INC. SECURITIES LITIGATION | Case No. 14-CV-00885 JCC TRJ |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

On December 3, 2015, a hearing having been held before this Court to determine, among other things, whether and in what amount to award Lead Counsel in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to its representation of the Settlement Class. All capitalized terms used herein having the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated as of July 28, 2015 (the "Settlement Agreement"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identified Persons who purchased or otherwise acquired publicly traded common stock of Neustar, Inc. ("Neustar") between April 19, 2013 and June 6, 2014, inclusive, and who were damaged thereby; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 3rd day of December, 2015 that:

1. The Court has jurisdiction over the subject matter of this Action and over all Parties to the Action, including all Settlement Class Members and the Claims Administrator.

2. Notice of Lead Counsel's application for attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel is hereby awarded attorneys' fees in the amount of $498,750.00, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in the amount of $119,507.44, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

5. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Fourth Circuit and found that:

(a) The Settlement has created a fund of $2,625,000.00 in cash and that numerous Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees is consistent with an *ex ante* written fee agreement entered into between Lead Plaintiff Indiana Public Retirement System and Lead Counsel at the commencement of the Action and has been approved by Lead Plaintiff since the Settlement was reached;

(c) Lead Counsel devoted almost 2,100 hours, with a lodestar value of $1,380,671.25 to achieve the Settlement;

(d) The Action involves complex factual and legal issues, and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(e) The amount of attorneys' fees awarded are fair and reasonable and lower than fee awards approved in cases with similar recoveries;

(f) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee award has been contingent on the result achieved;

(g) Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(h) Public policy considerations support the requested fee award;

(i) Notice was disseminated to putative Settlement Class Members stating that Lead Counsel was moving for an award of attorneys' fees in an amount not to exceed 19% of the Settlement Fund (including accrued interest), and payment of expenses incurred in

connection with the prosecution of the Action in an amount not to exceed $200,000, plus interest, and no Settlement Class Member has filed an objection to the fees and expenses requested by Lead Counsel; and

   (j) The amount of expenses awarded are fair, reasonable and necessarily incurred in connection with the prosecution and settlement of the Action.

 6. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

 7. Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all Parties to the Action, including the administration and distribution of the Settlement proceeds to Settlement Class Members.

 8. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this order shall be rendered null and void to the extent provided by the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

Dated: 12/3, 2015

/s/
James C. Cacheris
United States District Judge
HON. JAMES C. CACHERIS
UNITED STATES DISTRICT JUDGE

Consented to: *[signature]* 12-3-15
John M McNichols
Counsel for Defendants